UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>FIRDOS SHEIKH,<br><br>Defendant. | No. 2:18-cr-00119-WBS<br><br>ORDER RE: MOTION TO DISCLOSE GRAND JURY PROCEEDINGS |

----oo0oo----

On June 21, 2018, defendant was indicted and charged with two counts of trafficking, two counts of harboring for financial gain, one count of obstruction of a forced labor investigation, and one count of false statements in violation of 18 U.S.C. § 1001. The charges arise out of allegations that defendant harbored two aliens ("the alleged victims") between 2008 and 2013 and forced them to perform a variety of maintenance and improvement projects on various properties she owned. The government filed a criminal forfeiture action and lis pendens have been placed on nine of defendant's properties. Defendant

1

now moves this court to order the disclosure of grand jury colloquy and testimony pursuant to Federal Rules of Criminal Procedure 6(e)(3)(E)(i) and 6(e)(3)(E)(ii).

Under Federal Rules of Criminal Procedure 6(e)(3)(E)(i) and 6(e)(3)(E)(ii), a court may authorize disclosure of a grand-jury matter "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Pro. 6(e)(3)(E)(i) and (ii). A defendant seeking disclosure of grand jury proceedings must demonstrate a "particularized need" for the production of those proceedings. In re Grand Jury Proceedings, 62 F.3d 1175, 1179 (9th Cir. 1995). Mere "unsubstantiated, speculative assertions of improprieties in the proceedings" do not constitute a particular need. United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980) (quoting United States v. Rubin, 559 F.2d 975, 988 (5th Cir. 1977), vacated on other grounds, 439 U.S. 810, 99 S.Ct. 67 (1978)).

Plaintiff requests those portions of the grand jury proceedings "involving any of the real properties that were requested to be forfeited." (Mot. to Disclose Grand Jury Proceedings at 1 (Docket No. 28).) She states that disclosure of these proceedings is necessary to "determine whether there is a basis to file a motion to dismiss the forfeiture." (Id.) Plaintiff argues that the alleged victims' statements regarding the work they completed at some of the nine properties in the forfeiture allegations do not justify the seizure of those properties and that, therefore, the requested information is

necessary to provide a "possible basis" for a motion to dismiss those properties from the forfeiture allegation.  (Id. at 5.)

Plaintiff's arguments in support of her Motion to Disclose Grand Jury proceedings are highly speculative, and plaintiff alleges no facts tending to show that information from the proceedings is necessary to "avoid a possible injustice." See Douglas Oil Co. v. Petrol Stops NW, 441 U.S. 211, 222 (1979). Plaintiff's opinion that the alleged victim's statements "do not justify the seizure of 9 properties" (Compl. at 5) does not give rise to a "particularized need" for the disclosure of grand jury proceedings.  The constitutional injuries plaintiff's Motion contemplates are, at best, hypothetical and contingent, while the necessity for the continued secrecy of the grand jury proceedings is immediate and concrete.

IT IS THEREFORE ORDERED that defendant's Motion to Disclose Grand Jury Proceedings (Docket No. 28) be, and the same hereby is, DENIED.

Dated:   June 24, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE