McGREGOR SCOTT
United States Attorney
ERIC S. DREIBAND
Assistant Attorney General for Civil Rights
AUDREY B. HEMESATH
Assistant United States Attorney
DAVID REESE
Trial Attorney, Civil Rights Division
United States Attorney's Office
Robert T. Matsui United States Courthouse
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-119 WBS |
| Plaintiff, | UNITED STATES'S RESPONSE TO DEFENSE SPEEDY TRIAL ASSERTION; MOTION FOR EXCLUSION OF TIME |
| v. | |
| FIRDOS SHEIKH, | Date: September 15, 2020 |
| Defendant. | Hon. William B. Shubb |

Because defendant Firdos Sheikh has now essentially retracted her request for a speedy trial, the United States files this brief supplement to its motion for an exclusion of time pursuant to the Court's General Orders, Ninth Circuit Approval of the Judicial Emergency Declared in the Eastern District of California, and the specific facts of this case.

**I.      STATUS OF POTENTIAL OCTOBER 2020 TRIAL**

As Sheikh sets forth in her most recent filing, at the conclusion of the hearing last week, the parties discussed the available options and possible safety protocols that would relate to an October 2020 jury trial. Undersigned counsel, kindly assisted by available courthouse security officers, conducted a FaceTime tour of the available options in the courthouse for a jury trial, including: (1) the 16th floor ceremonial courtroom, (2) the 16th floor balcony adjacent to the ceremonial courtroom, (3) the

1

4th floor balcony outside the clerk's office, and (4) the H street loading dock.

Dr. Sheikh's counsel was able to view the safety measures currently in place in the ceremonial courtroom, including taped off areas to implement social distancing, plexiglass shields, and readily available sanitizer and cleaning products.

The parties were able to discuss the possibility of an outdoor trial on the 16th or 4th floor balconies, both of which are large enough to accommodate socially distanced seating in a manner that would largely replicate in indoor courtroom layouts, though the layout would not be identical. Both of these options also have sufficient power supplies. There is street noise that carries up to both outdoor options, as Sheikh indicates, but that noise could be overcome with a portable audio system.

It was offered to counsel for Dr. Sheikh that if Sheikh herself wished to view the various options with local defense counsel, the government would help facilitate such a tour.

**II.    STATUS OF SHEIKH'S SPEEDY TRIAL REQUEST**

Sheikh appears to have retracted her request for an October 13, 2020 jury trial. CR 137. Sheikh now posits that it does not appear she can be safely brought to trial at this time. CR 37 pg. pg, 2 ln. 14-15.[1]

Because Sheikh is no longer requesting an October 13, 2020 trial, the United States requests that the Court vacate the September 23, 2020 status conference, set a new status conference date in the Spring of 2021, and exclude time until that new status conference date. The United States requests the date of April 27, 2021.

The bases for the requested exclusion of time are as follows:

- On March 17, 2020, the Court entered General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19. On

---

[1] Sheikh states that "the government is not able to bring Dr. Sheikh to trial in a manner that comports with due process and ensures the safety of the participants in the courtroom within the time set by the Speedy Trial Act." CR 137 pg. 2. The United States disputes this assertion, as Sheikh is not entitled to under the Constitution to a trial that is aided by courtroom technology or even to a trial that takes place indoors. In making this motion, the United States is not conceding that a trial that comports with due process is unavailable to Sheikh right now; rather, the issue before the Court is whether the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8).

2

March 18, 2020, General Order 612 also issued. Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public. The Order only allowed persons with official court business or a healthy building tenant with official business on behalf of a tenant agency into the courthouse. The Order further provided, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion. Clarification to Order 612 subsequently defined "persons having official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.

- On April 16, 2020, the Ninth Circuit adopted *In re Approval of the Judicial Emergency in the Eastern District of California*, 956 F.3d 1175 (2020), which concluded that the "emergency situation in the Eastern District of California has required the District and the Judicial Council of the Ninth Circuit to invoke the provisions of 18 U.S.C. § 3174(c) to extend the STA time periods for bringing defendants to trial." Pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.

- On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

- California has continued to take action to combat the ongoing COVID-19 pandemic,

3

which, as of September 14, 2020, has infected 757,778 California residents, resulting in the deaths of 14,385 Californians. https://covid19.ca.gov/. The United States reported over 6.5 million cases of COVID-19, with over 193,000 deaths. https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. On July 12, the Governor and California Department of Public Health expanded closures of certain indoor businesses and operations in 29 counties. https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-158.aspx. These number represent a substantial increase over the numbers documented in the United States' first motion for an exclusion of time just three weeks ago.

- The trial involves witnesses with high-risk factors, such as age, medical conditions, etc. Several of the government's essential witnesses are over the age of 60, placing them at significant risk of serious complications if they were to contract the coronavirus causing COVID-19, and the witnesses are essential to the government's case. The remainder of the government's anticipated witnesses (with one exception) are over the age of 50, and are likewise exposed to elevated risks of serious complications should they contract COVID-19. Other of the government's witnesses have medical conditions placing them at severe risk of serious complications if they are infected.

- More than one of the government's witnesses will have to travel from out of state, and one witness will need to travel from Arizona (a state which is currently experiencing a serious outbreak of COVID-19, with over 208,000 cases reported and over 5,300 fatalities, https://www.azdhs.gov/preparedness/epidemiology-disease-control/infectious-disease-epidemiology/covid-19/dashboards/index.php). Two of the government's witnesses will have to travel from Mexico.

- Defense counsel, who is located in the Los Angeles area, has also indicated health conditions and/or familial health conditions make travel to Sacramento very difficult during the pandemic.

- As noted by this Court during the September 15, 2020 motion hearing, jury trials in this District frequently require jurors to travel long distances and stay overnight in

4

Sacramento. Travel over long distances, hotel stays, and indoor restaurant dining have been cited by state and federal authorities as activities presenting heightened risks to public health. *See, e.g.,*

https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx;

https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html;

https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-158.aspx?fbclid=IwAR0wUAe9_TeE4Obn5-dPSXFboXpqUnzXtGXVcG7I9lt-RepX6p4jcI_lTnY. Indeed, California authorities have recommended that the public limit travel to urgent matters, or as required for essential work duties, and otherwise avoid traveling long distances as much as possible.

https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx. As this Court also noted during the September 15, 2020 hearing, wildfire smoke presently makes outdoor dining in the Sacramento area unsafe, creating additional complications for jurors who might be required to remain in Sacramento for the trial. *See* https://www.sacbee.com/news/california/fires/article245772390.html.

- These risks also must be considered alongside the scheduling and logistical risks created by the COVID-19 pandemic. California's "Blueprint for a Safer Economy" contemplates that public health restrictions will be eased or reapplied in response to changes in, among other factors, testing and infection rates. https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/COVID19CountyMonitoringOverview.aspx. Indeed, this already has happened. *See* https://abc7.com/governor-newsom-update-today-gavin-press-conference-california-covid-19-coronavirus/6315327/. Even if current conditions in the Eastern District made it advisable to set a trial date in this matter, there is a risk that testing or infection rates will deteriorate, requiring this Court to further continue trial in this matter, but after the parties and the Court have made travel and housing arrangements for themselves, for the witnesses, and for potential jurors. In the worst case, conditions might deteriorate (and a continuance ordered) mid-trial, which would result in particular and substantial prejudice

5

to the defendant. Moreover, even if public health conditions in the Eastern District do not deteriorate, there remains a risk that a juror, attorney, witness, or other person in attendance might become infected with COVID-19 during the trial, possibly requiring the immediate quarantine of some or all of the other persons in attendance. As this Court noted during the September 15, 2020 hearing, courtroom safety measures likely will prolong trial in this case, increasing the risk that a person in attendance at the trial will be infected with the virus.

- A trial in an outdoor setting might mitigate some of these risks, but outdoor air quality in Sacramento has been unhealthy and/or hazardous due wildfire smoke for at least the past three weeks. Fire season in California continues through late November, and the quality of the outdoor air will be unpredictable throughout this time. Then, wintertime weather is expected to be too cold and wet to make an outdoor trial possible.

- Finally, the trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Orders 614 and 620 (CARES Act).

- Based on the above-stated considerations, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

For the foregoing reasons, United States requests that this Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: September 16, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ *Audrey B. Hemesath*
Audrey B. Hemesath
Assistant United States Attorney

 */s/ David Reese*
David Reese

6

Trial Attorney

### [PROPOSED] FINDINGS AND ORDER

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act.  The Court hereby finds that the Motion, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the continued outbreak of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus.  Time is excluded under the Speedy Trial Act between the date of this order and April 27, 2021.  A status conference is hereby set for that date.

Dated:

THE HONORABLE WILLIAM B. SHUBB
SENIOR UNITED STATES DISTRICT JUDGE